UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Jackie Bomar, | ) | |
| | ) | Cv. No.: 7:10-cv-70153-GRA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on petition of Jackie Bomar's (hereinafter "Petitioner") Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255.[1] The Government has filed a Response and a Summary Judgment Motion.[2] For the reasons set forth below, Petitioner's Motion for Relief under 28 U.S.C. § 2255 is DENIED and Respondent's Motion for Summary Judgment is GRANTED.

Background

Petitioner was named in a single count Indictment filed in the District of South Carolina on June 10, 2008, which charged him with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On September 25, 2008, represented by attorney Cameron Boggs, Petitioner pled guilty to possession of child pornography. This

---

[1] This case was originally filed under Petitioner's criminal case number, Cr. No. 7:08-cr-0551-GRA.

[2] The Petitioner submitted a Reply to Government's Response, and the Court has reviewed that as well.

Court entered judgment on February 13, 2009, sentencing Petitioner to 63 months imprisonment followed by 3 years of supervised release. Petitioner did not file an appeal and there was no written plea agreement in this case.

On February 20, 2009, counsel for Petitioner filed a Motion to Reconsider the Sentence, and on March 9, 2009, the Court denied the Motion to Reconsider. On April 13, 2009, an amended judgment was entered on the docket. On July 1, 2009, counsel for Petitioner filed a second Motion to Reconsider the Sentence, and on July 2, 2009, the Court denied the Motion. Petitioner filed this § 2255 Motion on February 16, 2010. The Government responded to Petitioner's Motion on April 23, 2010, and filed a Motion for Summary Judgment on the same day. On April 27, 2010, the Court mailed an explanation of the summary judgment procedure, known as a *Roseboro* Order, to the Petitioner.[3] Petitioner filed a Reply on July 1, 2010.

### Standard of Review

Petitioner proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Pursuant to the Rules Governing Section 2255 Cases in the United States District Courts, a sentencing court must promptly examine "the motion, any attached exhibits, and the record of the prior proceedings" to determine if the moving party

---

[3] This explanation, or one of similar import, is required by *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), which was a civil rights case. The same procedure applies in federal habeas corpus cases under *Webb v. Garrison*, No. 77-1855 (4th Cir., decided July 6, 1977).

is entitled to relief. Rule 4(b). If the motion is not dismissed after this initial review, the Court must order the Government to file a response. *Id.* The Court then reviews all materials submitted by the parties and determines whether an evidentiary hearing is necessary. Rule 8(a). The Court does not need to hold an evidentiary hearing if the motion and "the files and records conclusively show that the prisoner is entitled to no relief." *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970); *see also* 28 U.S.C. § 2255(b) ("Unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon . . . .").

Furthermore, summary judgment for the Government is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986) (discussing the standard for summary judgment in a § 2255 proceeding). The Court has thoroughly reviewed the motions, files, and records in this case in a light most favorable to the Petitioner and finds that a hearing is not necessary because the record conclusively shows that the Petitioner is entitled to no relief.

Analysis

Petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development

of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

Petitioner seeks to set aside his conviction based on the following grounds:

**I.    Petitioner did not knowingly and voluntarily enter into the guilty plea.** Petitioner asserts that his guilty plea was not made knowingly and voluntarily. However, according to Petitioner's Reply brief, Petitioner did not intend to assert a "specific argument as to the knowing and voluntary nature of his plea except [for] the contractual argument that the agreement lacked consideration." (Pet'r's Reply to Gov't's Resp. to Pet'r's Mot. Under § 2255 at 1, ECF No. 99.) Regardless, the record shows that the Petitioner made his plea knowingly and voluntarily.

At the time of his guilty plea, the Government's attorney read into the record the Indictment, the elements that applied, and the potential penalties. (Plea Tr. 6:18–8:4, Sept. 25, 2008, ECF No. 36.) Thereafter, Petitioner's counsel read Petitioner's Plea Affidavit, which stated that Petitioner fully understood the advisory nature of the sentencing guidelines; that a guilty plea would waive all rights associated with a trial, including a right to a jury trial; and that Petitioner

> . . . . has stated in his Affidavit that he is pleading guilty freely and voluntarily and no one has threatened or promised him anything in order to get him to plead guilty. And no one has made any prophecy, prediction or promise as to what [Petitioner]'s sentence will be. He signed this document this morning, your honor, and he enters a plea of guilty to the charge as presented by the United States attorney.

(Plea Tr. 8:10–10:1.) The Court the questioned each defendant, including Petitioner:
> THE COURT: All right, the Court finds that all defendants, . . . Mr. Bomar, . . . , are competent to enter a plea at this time. Have all of you defendants, and I want a separate answer from you, had an opportunity to discuss your case with your lawyer?
>
> [Other Defendant]: Yes, Sir.

> MR. BOMAR: Yes, Sir.
>
> . . .
>
> THE COURT: . . . Are you satisfied with your attorney's representation?
>
> [Other Defendant]: Yes, Sir.
>
> MR. BOMAR: Yes, Sir.
>
> . . .
>
> THE COURT: All right. Has he done everything you've asked him to do?
>
> [Other Defendant]: Yes, Sir.
>
> MR. BOMAR: Yes, Sir.
>
> . . .
>
> THE COURT: Has he failed to do anything you asked him to do?
>
> [Other Defendant]: No, Sir.
>
> MR. BOMAR: No, Sir.

(Plea Tr. 14:5–15:8.)

The Government then presented its version of the facts. Upon questioning by the Court, Petitioner agreed with the Government's rendition of the material facts. (Plea Tr. 22:11–24:11.) Subsequently, the Court concluded:

> THE COURT: All right. Since you acknowledge that you are, in fact, guilty as charged in the indictment, since you know your right to a trial and what the maximum possible punishment would be, and since *you are voluntarily, intelligently, and understandably pleading guilty*, I will now accept your guilty plea and enter a judgment of guilty thereon.

(Plea Tr. 24:13–19) (emphasis added).

In short, Petitioner fails to provide any proof that his plea was not made "voluntarily, intelligently, and understandably." He has not provided any reason why the Court should disregard the statements he made or agreed to at the Plea Hearing and in his Affidavit indicating that his decision to plead guilty was made knowingly and voluntarily. Therefore, based on the record, Petitioner's assertion that his guilty plea was not knowingly and voluntarily entered is without merit.

II. **Ineffective assistance of counsel.**

Petitioner claims that he was denied effective assistance of counsel because his attorney failed to secure a plea agreement for him and failed to get any consideration in exchange for his guilty plea. To establish ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it "fell below an objective standard of reasonableness." *Id.* at 688. In considering the deficiency, the court's "scrutiny of counsel's performance must be highly deferential," and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

To show prejudice, Petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. However, "there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing of one." *Id.* at 697.

Petitioner has not shown deficient representation by his counsel. In fact, the evidence in the record indicates that Mr. Boggs provided very effective assistance to Petitioner.

Petitioner argues that his attorney failed to secure a plea agreement and failed to get any consideration in exchange for Petitioner's guilty plea. However, the record shows that Petitioner did receive consideration for his guilty plea.

Petitioner was in possession of four videos containing child pornography. According to the advisory sentencing guidelines, a video counts as 75 images, U.S.S.G. § 2G2.2 cmt. n.4(B)(ii) (2007). Those 75 images, multiplied by 4 videos, equals 300 images. Pursuant to the advisory sentencing guidelines, possessing at least 300 images of child pornography results in an increase of 4 levels. U.S.S.G. § 2G2.2(b)(7)(C). In contrast, possession of fewer than 300 images results in only a 3 level increase. U.S.S.G. § 2G2.2(b)(7)(B). A 4 level increase would have resulted in Petitioner having an offense level of 27, a criminal history category 1, and a resulting advisory range of 70–87 months.

The consideration appears in the form of a stipulation between the parties that was placed into the record at the time of Petitioner's guilty plea (Plea Tr. 20: lines 2–10) and included in the Presentence Report (PSR) (Presentence Investigation Report at 9 ¶ 44, ECF No. 38): a stipulation to the total number of images involved was made to more than 150 but less than 300.[4] According to the PSR, Petitioner's offense level was 26, a criminal history category one 1, with a resulting advisory range of 63–78 months. (PSR,

---

[4] Petitioner argues in his Reply brief that there is no "factual basis on the record" to verify this consideration. (Pet'r's Reply at 4.) Petitioner is mistaken. There is factual support for this consideration both in the transcript of the Guilty Plea Hearing and in the Presentence Investigation Report that was part of the Sentencing Hearing.

Sentencing Recommendation at 1; Sent. Tr. 2: 13–19, Feb. 12, 2009, ECF No. 69.) Without the stipulation, the advisory guideline sentencing range would have been 70–87 months, U.S.S.G. Ch.5, Pt.A, Sentencing Table. Petitioner's counsel reduced Petitioner's sentencing guideline range by a minimum of 7 months and a maximum of 24 months in prison. Therefore, Petitioner's counsel did obtain consideration in exchange for Petitioner's guilty plea.

As for Petitioner's argument that his counsel should have obtained a plea agreement, a defendant is not entitled to a plea agreement just because he chooses to plead guilty. Likewise, in return for a guilty plea the Government is not required to negotiate away any portion of its case.

Therefore, Petitioner's assertions of ineffective assistance of counsel on this claim are without merit. Because Petitioner has failed to establish that his counsel's performance was deficient, it is not necessary for the Court to analyze the second component, that the deficiency actually prejudiced the case, before determining that the Petitioner has not satisfied a claim for ineffective assistance of counsel.

**III.     This Court erred by inappropriately treating the sentencing guidelines as mandatory.**

Petitioner focuses on the following statements to support his allegation that the Court treated the sentencing guidelines as mandatory:

> THE COURT:  . . . If I put him on probation and he goes to that low category to re-offend, he would probably ruin another child's life. Now, we don't know who that child was that was on that video, but from what I understand, it was pretty bad. And then I couldn't live with myself if something like that happens. *And Washington certainly couldn't live with me if that happens.*

(Sent. Tr. 20:14–21) (emphasis added).

Petitioner ignores all contrary evidence in the record when he alleges that these comments serve as proof that the Court felt compelled to treat the guidelines as mandatory. The Court was simply explaining its sound reasoning in preparing to impose an advisory guidelines sentence. On at least three separate occasions during the sentencing hearing, the Court informed Petitioner that it would consider the guidelines as advisory only.

At the outset of sentencing on February 12, 2009, the Government recited the calculated range of the advisory guidelines and then inquired of Petitioner as to his understanding of the advisory guidelines:

> THE COURT: All right, the guideline range has been determined and the Court will next consider if that is a range that serves the purposes set forth in 3553, keeping in mind that *the Court recognizes that the sentencing guidelines are advisory* and there is no presumption by this Court that they are reasonable.

(Sent. Tr. 3: 6–11) (emphasis added).

Petitioner, through his counsel, agreed the advisory guidelines had been calculated correctly:

> MR. BOGGS [counsel for Petitioner]: Judge, there's no objection to the guideline level.
>
> THE COURT: Do you concede they have been calculated properly?
>
> MR. BOGGS: That's correct, your Honor.

(Sent. Tr. 4: 8–12.)

The Court then reiterated its use of the guidelines as advisory only: "THE COURT: I adopt this as a proper calculation of the guidelines. *As I previously said, the guidelines are merely advisory* and I will now determine whether a sentence within this range serves the purpose as set forth in 3553(a)." (Sent. Tr. 4: 13–17) (emphasis added).

At the time of sentencing the Court again informed Petitioner of its use of the guidelines as advisory only: "THE COURT: I am going to do all that I can to be lenient. So, *after considering the guidelines and their advisory nature*, and the factors set forth in 3553(a) . . ." (Sent. Tr. 20:23–21:1) (emphasis added).

It is evident that throughout the sentencing the Court treated the guidelines as advisory only and not mandatory. Therefore, Petitioner's argument that the Court erred by treating the guidelines as mandatory is without merit.

**IV.  This Court erred by giving the sentencing guidelines more weight simply because Petitioner's crime involved child pornography.**

Petitioner argues that the Court's statements during the sentencing hearing suggest that it placed more weight on the sentencing guidelines because the crime involved child pornography. Petitioner relies on *State v. Schmitt*, 495 F.3d 860 (7th Cir. 2007), a case where the district court stated that because "Congress has spoken in unmistakable terms, I cannot in good conscience deviate from the advisory sentencing guidelines because of the good things that have been said today about [the defendant]." *Schmitt*, 495 F.3d at 865. The district court was referring to the PROTECT Act, 18 U.S.C. § 3553(b)(2), *prior version declared unconstitutional by United States v. Booker*, 543 U.S. 220, 234 (2005), a "sentencing provision . . . intended to restrict the authority of the district courts to depart from the guidelines in sexual offense and child pornography cases." *Id.* The Seventh Circuit vacated that district court's sentence because it felt that the district court's statements indicated that it have felt "compelled to impose a guideline sentence for a particular class of crimes." *Id.*

Unlike *Schmitt*, there are no statements in the transcript of the Petitioner's sentencing hearing that suggest that the Court felt "compelled to impose a guideline

sentence for a particular class of crimes." The Court did not reference any congressional directive in making its decision and was exceedingly clear that *"after considering the guidelines and their advisory nature*, and the factors set forth in 3553(a)" it felt the appropriate sentence was the same as the minimum sentence in the guidelines.

IT IS THEREFORE ORDERED that Petitioner's Motion under § 2255 be DENIED and that Respondent's Motion for Summary Judgment be GRANTED.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

August 26, 2010
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**

## CERTIFICATE OF APPEALABILITY[5]

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

---

[5] On December 1, 2009, the Rules Governing Section 2254 and 2255 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254, Rule 11(a); 28 U.S.C. § 2255, Rule 11(a). This amendment also encompasses motions to reconsider final rulings on habeas petitions. *See United States v. Haynes*, 354 F. App'x 763 (4th Cir. 2009).